UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DEYOUNG,
a resident of Michigan,

    Plaintiff,

v.

BGROUP, LTD., a Hong Kong limited by shares company,

MANH QUAN TRUONG, an individual resident of Vietnam,

PRINTABEL COMPANY LIMITED, a Hong Kong limited by shares company,

THUY PHAN THIEN HA DONG, an individual resident of Vietnam, and

DOES 1-10,

    Defendants.
_____/

Case No. 1:20-cv-51

HON. JANET T. NEFF

FILED UNDER RESTRICTED ACCESS

**ORDER RE. EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, TEMPORARY ASSET RESTRAINT, EXPEDITED DISCOVERY, AND SERVICE OF PROCESS BY E-MAIL**

On October 4, 2013, Plaintiff Derek DeYoung filed for and obtained from the United States Copyright Office under Registration Number VA 1-970-688 a registered copyright for "Trout Confetti 1," an original work of art that Plaintiff created (ECF No. 3-1). On January 20, 2020, Plaintiff filed this suit against Defendants for federal copyright infringement, federal trade dress infringement, violations of the Michigan Consumer Protection Act, common law unfair competition, and civil conspiracy (ECF No. 3). Plaintiff alleges that Defendants are involved in

a sophisticated and widescale counterfeiting operation intended to defraud United States consumers by selling to those consumers print-on-demand products that infringe on Plaintiff's intellectual property rights, funneling the proceeds from their infringement out of the United States to Vietnam, and attempting to avoid liability for these actions by concealing their identities and the full scope and interrelatedness of their counterfeiting operation. Pending before the Court is Plaintiff's January 20, 2020 "Ex Parte Motion for Temporary Restraining Order, Temporary Injunction, Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-Mail" (ECF No. 2).

Having reviewed Plaintiff's Ex Parte Motion and supporting Brief and exhibits, including Plaintiff's Declaration (ECF No. 2-3), the Court finds the following:

1. The Court has jurisdiction over the subject matter pursuant to 17 U.S.C. § 411, 28 U.S.C. § 1338(a) and (b), 28 U.S.C. § 1331 and 15 U.S.C. § 1121;

2. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a);

3. Plaintiff has demonstrated a prima facie case for personal jurisdiction over Defendants where Defendants purposefully and intentionally availed themselves of this forum state by manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods bearing Plaintiff's Trout Confetti 1 creative work; by creating and operating interactive websites that reveal specifically intended interactions with residents of the State of Michigan; and by creating Facebook advertisements selling counterfeit goods specifically to residents of the State of Michigan;

4. Plaintiff has demonstrated a strong likelihood of success on the merits of his copyright infringement, trade dress infringement, Michigan Consumer Protection Act, unfair competition, and civil conspiracy claims;

5. There is no adequate remedy at law and absent injunctive relief, Plaintiff will suffer immediate and irreparable harm, including competitive losses and loss of customer goodwill as a result of Defendants' continued infringement of Plaintiff's trade dress rights, deception of consumers, and unfair competition;

6. The balancing of the harms tips in Plaintiff's favor;

7. The issuance of a temporary restraining order is in the public's interest;

8. The circumstances and record at bar justify the immediate issuance under FED. R. CIV. P. 65(b)(1) of a temporary restraining order without notice to the adverse parties;

9. A prejudgment asset freeze under FED. R. CIV. P. 64 and 65(d)(2)(C) is necessary and proper where Plaintiff seeks an equitable remedy in the accounting of Defendants' profits pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), and where Plaintiff has alleged Defendants have shown a propensity to conceal their concerted infringement and funnel funds to Vietnam. *See, e.g., Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 129-33 (2d Cir. 2014);

10. Limited expedited discovery to identify the proper parties to this lawsuit and their associated financial accounts is necessary and proper under FED. R. CIV. P. 26(b)(2) and (d); and

11. An order authorizing service of process by email under FED. R. CIV. P. 4(f)(3) and (h)(2) is necessary and proper where the record at bar demonstrates that Defendants have gone to great lengths to conceal their identities and because serving Defendants electronically is the best means to notify them of this action.

Therefore, for these reasons and those further detailed in Plaintiff's filings,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order, Temporary Injunction, Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-Mail (ECF No. 2) is GRANTED as follows:

1. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby TEMPORARILY RESTRAINED from:

    a. Reproducing, preparing derivative works of, distributing copies of, and displaying publicly Plaintiff's Trout Confetti 1 work;

    b. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiff's Trout Confetti 1 trade dress or any confusingly similar trade dress;

    c. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products bearing Plaintiff's Trout Confetti 1; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing Plaintiff's Trout Confetti 1 trade dress or any confusingly similar trade dress;

2. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall IMMEDIATELY DISCONTINUE the use of the Trout Confetti 1 trade dress or any confusingly similar trade dress on or in connection with the sale of goods and all internet websites owned and operated or controlled by them;

3. Upon receipt of notice of this Order, **PayPal, Inc.** ("PayPal") and its related companies and affiliates shall IMMEDIATELY RESTRAIN all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to the PayPal account recipients BGroup, Ltd., Manh Quan Truong, Printabel Company Limited, and Thuy Phan Thien Ha Dong, including, but not limited to, accounts associated with shopbase.com, kayleeandtepid.com, lushgood.com, lannadecor.com, hmcozy.com, azcozy.com, cozynfancy.com, aquacozy.net, and cozzian.com as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), and (ii) any other accounts which transfer funds into the same financial institution account(s). The restrained funds may be released only by future order of this Court.

4. PayPal shall further, <u>within five business days of receiving this Order</u>, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the PayPal account(s) to which the restrained funds are related; and (ii) the account transactions related to all funds transmitted into the PayPal account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until further order of this Court. PayPal shall receive and maintain this Order and its contents as confidential until further order of the Court.

5. Upon receipt of notice of this Order, **Stripe, Inc.** ("Stripe") and its related companies and affiliates shall IMMEDIATELY RESTRAIN all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Stripe accounts related to the Stripe account recipients BGroup, Ltd., Manh Quan Truong, Printabel Company Limited, and Thuy Phan Thien Ha Dong, including, but not limited to, accounts associated with shopbase.com, kayleeandtepid.com, lushgood.com, lannadecor.com, hmcozy.com, azcozy.com, cozynfancy.com, aquacozy.net, and cozzian.com as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), and (ii) any other accounts which transfer funds into the same financial institution account(s). The restrained funds may be released only by future order of this Court.

6. Stripe shall further, <u>within five business days of receiving this Order</u>, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the Stripe account(s) to which the restrained funds are related; and (ii) the account transactions related to all funds transmitted into the Stripe account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made

without notice to the account owners or the financial institutions until further order of this Court. Stripe shall receive and maintain this Order and its contents as confidential until further order of the Court.

7. Upon receipt of notice of this Order, **BlueSnap, Inc.** ("BlueSnap") and its related companies and affiliates shall IMMEDIATELY RESTRAIN all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the BlueSnap accounts related to the BlueSnap account recipients BGroup, Ltd., Manh Quan Truong, Printabel Company Limited, and Thuy Phan Thien Ha Dong, including, but not limited to, accounts associated with shopbase.com, kayleeandtepid.com, lushgood.com, lannadecor.com, hmcozy.com, azcozy.com, cozynfancy.com, aquacozy.net, and cozzian.com as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), and (ii) any other accounts which transfer funds into the same financial institution account(s). The restrained funds may be released only by future order of this Court.

8. BlueSnap shall further, within five business days of receiving this Order, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the BlueSnap account(s) to which the restrained funds are related; and (ii) the account transactions related to all funds transmitted into the BlueSnap account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until further order of this Court. BlueSnap shall receive and maintain this Order and its contents as confidential until further order of the Court.

9. Plaintiff may take expedited discovery to identify the proper parties to this lawsuit by sending subpoenas to Defendants' domain name registrar NameCheap, Inc. and Defendants' web host Digital Ocean, LLC to obtain the name, address, email address, and other contact information maintained by these providers for Defendants.

10. Plaintiff may take expedited discovery from PayPal, Stripe, and BlueSnap to obtain the name, address, email address, and other contact information maintained by these providers for Defendants and to identify the financial institutions that, on behalf of Defendants, may transmit or receive funds from these financial account providers, including their names, addresses, and account numbers.

11. Plaintiff may serve the Summons, Complaint, and any other document filed in this case on Defendants at the email addresses associated with the <azcozy.com> and <shopbase.com> domain names, such email addresses to be obtained by the expedited discovery authorized under this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall POST a bond in the amount of **ten thousand dollars ($10,000.00)** as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. In the Court's discretion, the bond may be subject to increase should the amount of the restrained funds exceed ten thousand dollars ($10,000.00).

**IT IS FURTHER ORDERED** that Plaintiff shall, not later than January 29, 2020, SERVE a copy of the Complaint, the "Ex Parte Motion for Temporary Restraining Order, Temporary Injunction, Temporary Asset Restraint, Expedited Discovery, and Service of Process by E-Mail," this Order, and all other pleadings and documents on file in this action on each Defendant via the physical addresses, if any, and the email addresses associated with the <azcozy.com> and <shopbase.com> domain names, and FILE a Proof of Service of the same.

**IT IS FURTHER ORDERED** that Plaintiff shall, not later than January 29, 2020, file his proposed Motion for Preliminary Injunction, if any.

**IT IS FURTHER ORDERED** that all counsel of record shall be present in person for a hearing set before the Honorable Janet T. Neff, 401 Federal Building, 110 Michigan St. NW, Grand Rapids, Michigan 49503 on Monday, February 3, 2020 at 10:00 a.m.  Counsel shall be prepared to address

- any challenges to the appropriateness of this Order and/or motions to dissolve the same;

- whether the Temporary Restraining Order should be extended for good cause;

- whether a preliminary injunction should be issued for the pendency of this case;

- whether an order should issue directing the Clerk's Office to unseal the documents in this case; and

- whether an order should issue directing PayPal, Stripe and BlueSnap that this Order no longer requires confidentiality.

**IT IS FURTHER ORDERED** that this Order will remain in effect until the date of the hearing, as set forth above, unless extended for good cause, or until further Order of the Court.

Dated:  January 22, 2020                                    /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge