# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

| | |
|---|---|
| DEREK DEYOUNG,<br>a resident of Michigan<br><br>          Plaintiff,<br>v<br><br>BGROUP, LTD.,<br>a Hong Kong Limited by shares company,<br>et al.,<br><br>          Defendants.<br>_____/ | Case No. 1:20-cv-51<br><br>**PRE-MOTION CONFERENCE REQUEST BY DEFENDANTS BGROUP, LTD AND TROUNG** |

| | |
|---|---|
| John Di Giacomo (P73056)<br>Eric Misterovich (P73422)<br>Amanda Osorio (P79006)<br>Attorneys for Plaintiff<br>Revision Legal, PLLC<br>444 Cass St., Suite D<br>Traverse City, MI 49684<br>(231) 714-0100<br>john@revisionlegal.com<br>eric@revisionlegal.com<br>amanda@revisionlegal.com | Jennifer A. Puplava (P58949)<br>Daniel J. Broxup (P72868)<br>Mika Meyers PLC<br>Attorneys for Defendants BGroup, Ltd.<br>and Manh Quan Truong<br>900 Monroe Avenue, NW<br>Grand Rapids, MI 49503<br>(616) 632-8000<br>jpuplava@mikameyers.com<br>dbroxup@mikameyers.com |

_____/

02717223 1

Defendant BGroup, LTD. d/b/a ShopBase (hereinafter "ShopBase") and Defendant Truong (collectively the "ShopBase Defendants"), by and through their attorneys, Mika Meyers PLC, and pursuant to Section IV.A.1. of the Information and Guidelines for Civil Practice before The Honorable Janet T. Neff, hereby request a pre-motion conference relating to an anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In support of this Request, the ShopBase Defendants submit the following explanation of the grounds of their anticipated motion.

## GROUNDS FOR ANTICIPATED MOTION TO DISMISS

Defendant ShopBase is a Vietnamese-based company incorporated under the laws of Hong Kong. Defendant Truong is a Vietnamese citizen and resident and is also the sole owner and primary operator of ShopBase. ShopBase does not own any real or tangible personal property in Michigan, has not consented to jurisdiction in Michigan, and does not transact any business in Michigan.

ShopBase operates a business that allows fee-paying subscribers to establish, and add products to, their own customizable online storefront hosted by ShopBase. A customer of a subscriber may order products through the subscriber's storefront and make payments to the subscriber through a third-party payment-processing vendor like PayPal or Stripe. ShopBase receives a small commission from these vendors in addition to the subscription fees it receives from subscribers. ShopBase has a limited role in "facilitating" the transactions between its subscribers and their customers: ShopBase supplies the basic template for its subscriber's online storefronts, which includes a link to third-party payment processing vendors, and notifies a subscriber when a product order is placed through the subscriber's storefront. This notification prompts the subscriber to manufacture and/or ship its product to the customer.

ShopBase's business model is the same business model employed by Shopify, Inc. (hereinafter "Shopify"), a Canadian corporation, and U.S. courts have found specific personal jurisdiction over Shopify to be lacking in cases involving allegations exactly like those made by Plaintiff here, *i.e.* allegations that a third-party merchant had posted infringing images to its online storefront. The reasoning of these courts is persuasive and applies with at least equal force here, because ShopBase (1) does not have a single subscriber from Michigan; (2) does not have any physical presence or property in Michigan; (3) does not ship any products to Michigan or manufacture any products that are shipped to Michigan; (4) does not operate the allegedly infringing websites at issue in this case; (5) does not supply any content specifically aimed at Michigan residents for its subscribers' websites; and (6) derives only *de minimis* revenue from sales that its subscribers make to their Michigan customers.

In a nutshell, ShopBase's "connection" to this case is that it provided the alleged primary infringer of Plaintiff's copyrights—Printabel Company Limited ("Printabel")—with an electronic canvas on which Printabel could draw its online storefront and post its products. Thus, to the extent it can be said there is any nexus between ShopBase and Michigan at all, the nexus is far too attenuated to support general personal jurisdiction. Nor is there any basis for limited personal jurisdiction, because there is no nexus whatsoever between ShopBase's attenuated Michigan contacts and Plaintiff's claims. In other words, Plaintiff's claims do not "arise out of" any conduct of ShopBase in Michigan, aimed at Michigan, or producing consequences in Michigan. Indeed, even if ShopBase operated the infringing websites, the mere fact that Plaintiff is a Michigan resident, and thus felt the alleged injury in Michigan, would not be a sufficient "consequence" in Michigan to confer jurisdiction over ShopBase. *See Clavenna v. Holsey*, 81 Mich. App. 472, 478; 265 N.W.2d 378 (1978) (stating that courts in Michigan do not

equate "consequences" with "damages"). Plaintiff has not alleged, and cannot allege, any jurisdiction-invoking "consequences" in Michigan, because no products containing the allegedly infringing images at issue were sold to Michigan customers by Printabel, let alone ShopBase.

## CONCLUSION

To lend some perspective to the issue that the ShopBase Defendants intend to bring before the Court, if the Court were to find personal jurisdiction over the ShopBase Defendants in this case, it would be tantamount to finding that website builders whose customers subsequently upload copyrighted images to their websites can be hauled into court in any jurisdiction where the alleged copyright holder happens to reside. Such an outcome does not comport with Michigan's long-arm statutes, nor pass Constitutional muster. Accordingly, the ShopBase Defendants request that the Court schedule a pre-motion conference relating to their anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(2).

                                                                  MIKA MEYERS PLC
                                                                  Attorneys for Defendants BGroup, Ltd. and Truong

Dated: February 11, 2020                  By: /s/ Daniel J. Broxup
                                                                  Daniel J. Broxup (P72868)
                                                                  900 Monroe Avenue, NW
                                                                  Grand Rapids, MI 49503
                                                                  (616) 632-8000

02717223 1