## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| DEREK YOUNG, | |
| *Plaintiff*, | Case No. 20-cv-00051-JTN-PJG |
| v. | HON. JANET T. NEFF |
| BGROUP, LTD, ET. AL, | |
| *Defendants*. | |

### PRE-MOTION CONFERENCE REQUEST BY DEFENDANTS PRINTABEL COMPANY LIMITED and THUY PHAN THIEN HA DONG

Defendants Printabel Company Limited  (Printabel") and THUY PHAN THIEN HA DONG ( "Ha")  by and through their undersigned attorneys, and pursuant to Section IV.A.1. of the Information and Guidelines for Civil Practice, hereby request a pre-motion conference relating to an anticipated  motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In support thereof, Defendants Printabel and Ha submit the following explanation of the grounds of its anticipated motion.

### GROUNDS FOR ANTICIPATED MOTION TO DISMISS

Defendant Printabel is a Vietnamese-based company incorporated under the laws of Hong Kong. Defendant Ha resides in Vietnam and is the director of Printable.  Printabel does not own any real or tangible personal  property in Michigan, has not consented to jurisdiction in Michigan, and does not conduct business in Michigan.

Printabel, and its subsidiary, Clickfull Company Limited, own a total of sixteen domains/websites, that offer various items for sale.  Printabel does not own and is not otherwise affiliated with any other stores or websites. Defendant Ha has no connection with the state of

Michigan and has no individual liability in this matter.

While this Court preliminarily stated that Plaintiff made a *prima facia* allegation of limited personal jurisdiction and has granted discovery on the issue personal jurisdiction, Plaintiff will not be able to meet his burden of proof to establish personal jurisdiction over Printable or Defendant Ha. Despite Plaintiff's representation that Printabel sold infringing goods in Michigan, and Plaintiff's speculation that Printable owns or operates more than the 16 websites/stores Printabel has identified, Printabel never sold any allegedly infringing goods to Michigan, never targeted Michigan consumers with any marketing of allegedly infringing goods, and does not own and is not involved with any other stores.

1. **General Jurisdiction Does Not Exist Over Defendants**

Plaintiff's First Amended Complaint ("FAC") fails to state a case for general personal jurisdiction under Michigan's Long-Arm Statute against Printabel because Plaintiff does not allege Printabel is incorporated in Michigan, that Printabel consented to jurisdiction in Michigan, or that Printabel conducts a "continuous and systematic part of its general business" in Michigan. Furthermore, general personal jurisdiction fails over Ha as she is not domiciled in Michigan, was not served in Michigan, and never consented to being sued in Michigan.

2. **Specific (Limited) Personal Jurisdiction Does Not Exist Over Defendants**

Because neither Printabel nor Defendant Ha participated in any suit-related transactions with Michigan or Michigan consumers, Plaintiff cannot satisfy the Michigan's Long-Arm Statute or Due Process. Therefore, this Court must dismiss Plaintiff's Complaint under FRCP 12(b)(2) for lack of personal jurisdiction over Defendants.

   a. <u>Michigan's Long-Arm Statute is Not Satisfied Because Plaintiff's Allegations are Merely Speculative</u>

Alleging in conclusory fashion that Defendant operate an interactive website accessible to Michigan and have sold infringing goods and targeting advertising to Michigan residents is insufficient to satisfy Michigan's Long-Arm Statute for specific personal jurisdiction over Defendants. First, operating an interactive website is not, in and of itself, enough to establish jurisdiction without being purposefully directed toward Michigan residents. *See Neogen Corp. v Neo Gen Screening*, Inc. 282 F3d 883 (6th Cir. 2002). Further, although Plaintiff has reference over a hundred sales by Printabel to Michigan, Plaintiff failed to mention that none of these sales are suit-related. Plaintiff has not alleged—and cannot allege—any jurisdiction-invoking "consequences" in Michigan because Printabel did not sell any products containing the allegedly infringing images to Michigan customers. Simply put, Printabel has no suit-related transactions of any business with the State of Michigan. Mich. Comp. Laws § 600.715. Likewise, Plaintiff has failed to provide any evidence that Defendant Ha directed the sale of any infringing goods to the Michigan.

      b. <u>Due Process is Not Satisfied Because Defendants Do Not Have Sufficient Minimum Contacts with Michigan</u>

Due Process mandates that "a Defendant must have 'minimum contacts' with the state in order to be subject to specific jurisdiction in a certain state." There is no evidence that the website specifically targeted Michigan residents in any way and in fact the evidence establishes contrary. Additionally, Plaintiff's FAC makes no allegations as to Ha specifically, but rather bundles all Defendants together without alleging any conduct by Defendant Ha linked to Michigan.

Accordingly, the Defendants herein request that the Court schedule a pre-motion conference relating to their anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(2).

Respectfully submitted,

Dated: February 21, 2020

TRAVERSE LEGAL, PLC
Attorneys for Defs Printabel and Ha

*/s/ C. Enrico Schaefer*
C. Enrico Schaefer (P43506)
810 Cottageview Drive, Ste. G-20
Traverse City, MI  49684
enrico@traverselegal.com
Telephone: (231) 932-0411

Matthew R. Grothouse
(Pro Hac Vice Pending)
Saper Law Offices, LLC
505 N. LaSalle Suite 350
Chicago, Illinois 60654
Bar No. 6314834
matt@saperlaw.com
 (312) 527-4100

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 21, 2020, he caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

*/s/ C. Enrico Schaefer*
C. Enrico Schaefer (P43506)
Traverse Legal, PLC

*Attorneys for Defs Printabel and Ha*