**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

DEREK YOUNG,

      *Plaintiff*,

v.

BGROUP, LTD, ET. AL,

      *Defendants*.

Case No. 20-cv-00051-JTN-PJG

HON. JANET T. NEFF

## DEFENDANT PRINTABEL COMPANY LIMITED AND THUY PHAN THIEN HA DONG'S MOTION FOR LIMITED DISCOVERY

Defendant Printabel Company Limited ("Printabel") and Thuy Phan Thien Ha Dong ("Ha"), through their undersigned counsel, submits this Motion for Limited Discovery on the issue of personal jurisdiction as follows pursuant to FRCP 26:

1. Plaintiff alleges jurisdiction is appropriate in Michigan because said Defendants purposefully availed themselves of this forum state by "manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods" (of a resident of this state) and operate interactive websites with residents of Michigan (Plaintiff's FAC, at 10). Defendants intend to file their Motion to Dismiss as their first responsive pleading to Plaintiff's FAC, though the issue of the Court's lack of jurisdiction was raised as an issue at the Show Cause hearing in this matter on February 14, 2020 and to contest the factual basis for those allegations.

2. The issue of personal jurisdiction was raised as a defense at the Show Cause Hearing with the Court, and the Court found based on representations of Plaintiff's counsel "That Plaintiff's claims 'arise from' the Defendants' conduct with the foreign state is also met where Defendants have created and sold counterfeit goods to Michigan residents that infringe on the intellectual property rights of a Michigan resident." (TR at 69).

3. Defendants have been provided no evidence Defendants sold counterfeit goods to Michigan residents and certainly not any of Plaintiff's allegedly copyrighted goods in this case. Defendant Printabel has submitted a Declaration of Ms. Ha indicating that only 13 goods including Plaintiff's alleged copyright were sold, and none in the state of Michigan. [Ha Declaration ¶16] Plaintiff apparently believes that they will, through discovery, establish limited personal jurisdiction in discovery.

4. The Court noted Plaintiff had made a prima facie case for personal jurisdiction in its preliminary finding at the Court's Show Cause hearing on February 14, 2020, and also noted "Defendants remain free to further contest the issue of personal jurisdiction by moving for a dismissal and/or requesting an evidentiary hearing." (Tr at 69-70).

5. Defendants Printabel and Ha have requested a pre-motion conference on its request to file such a Motion to Dismiss which will in part question Plaintiff's factual representations to the Court on issues relating to personal jurisdiction.

6. Personal jurisdiction is a threshold issue in this case. There is a preliminary injunction that has been entered that essentially puts Defendant Printabel out of business and affects the payment of tens of thousands of customers who paid for non-infringing goods from Printabel, and whose payments have been restrained from use, including to fulfill their orders.

7. It is in the interest of justice, and this Court's interest in judicial economy, to expedite discovery on personal jurisdiction to see if Plaintiff can establish facts necessary to establish its allegations and allow Defendants to contest those facts.

8. Plaintiff objected to a Request for Production of Documents related to the issues of personal jurisdiction served on Plaintiff on Friday February 21, 2020, and in accordance with LR 7.1(d), Defendants' counsel has unsuccessfully sought concurrence in the relief requested in this

Motion from Plaintiff's counsel on February 24, 2020 who was unavailable to discuss the issue in a meet and confer request.

9.Defendants rely on their Memorandum in Support of Motion for Limited Discovery and the information and citations therein.

WHEREFORE, Defendants Printable and Ha pray this Court grants its Motion for Limited Discovery to allow discovery on the limited issue of personal jurisdiction and to order Plaintiff to respond in an expedited manner to the Request for Production of Documents submitted to Plaintiff on February 21, 2020, together with other relief the Court deems appropriate.

Respectfully submitted,

Dated: February 27, 2020

*/s/ C. Enrico Schaefer*
C. Enrico Schaefer (P43506)
Traverse Legal, PLC
810 Cottageview Drive, Ste. G-20
Traverse City, MI  49684
enrico@traverselegal.com
Telephone: (231) 932-0411

*Counsel for Defs Printabel and Ha*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 27, 2020, he caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

    */s/ C. Enrico Schaefer*
    C. Enrico Schaefer (P43506)
    Traverse Legal, PLC
    *Counsel for Defendants Printabel and Ha*