**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

DEREK YOUNG,

       *Plaintiff*,

v.

BGROUP, LTD, ET. AL,

       *Defendants*.

Case No. 20-cv-00051-JTN-PJG

HON. JANET T. NEFF

**DEFENDANT PRINTABEL COMPANY LIMITED AND THUY PHAN THIEN HA DONG'S MEMORANDUM IN SUPPORT OF MOTION FOR LIMITED DISCOVERY**

Defendant Printabel Company Limited ("Printabel") and Thuy Phan Thien Ha Dong ("Ha"), through its undersigned counsel, submits this Memorandum in Support of their Motion for Limited Discovery on the issue of personal jurisdiction as follows:

**INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") alleges Printabel is a Hong Kong Limited Company registered in Hong Kong and that Defendant Ha resides in Vietnam, and Ha is the sole director and officer of Printable and that Ha "authorized, directed, and participated in Printabel's infringing activity." (Plaintiff's FAC at 2-3, 27, and 74 respectively). Plaintiff alleges jurisdiction is appropriate in Michigan because Defendants purposefully availed themselves of this forum state by "manufacturing, importing, distributing, offering for sale, displaying, advertising, and selling counterfeit goods" (of a resident of this state) and operate interactive websites with residents of Michigan (Plaintiff's FAC, at 10). Defendants' intend to file their Motion to Dismiss as their first responsive pleading to Plaintiff's FAC, though the issue of the Court's lack of jurisdiction was raised as an issue at the Show Cause hearing in this matter on February 14, 2020 and to contest the factual basis for those allegations.

The issue of personal jurisdiction was raised as a defense at the Show Cause Hearing with the Court and the Court found based on information provided to the Court by representations of Plaintiff's counsel where the Court found "That Plaintiff's claims 'arise from' the Defendants' conduct with the foreign state is also met where Defendants have created and sold counterfeit goods to Michigan residents that infringe on the intellectual property rights of a Michigan resident." (TR at 69). Defendants were provided no evidence Defendants sold counterfeit goods to Michigan residents and certainly not any of the copyrighted goods in this case. The Court also noted that Plaintiff himself had received an online advertisement from Defendants which Defendants believe, if true, was a result of Plaintiff's activities in soliciting the advertisement with his searches and not Defendants' targeting of Michigan residents with advertisements. The Court noted in a preliminary finding at the February 14, 2020 Show Cause Hearing that Plaintiff had made a prima facie case for personal jurisdiction and also noted, "Defendants remain free to further contest the issue of personal jurisdiction by moving for a dismissal and/or requesting an evidentiary hearing." (Tr at 69-70). Defendants Printabel and Ha have requested a pre-motion conference on its request to file such a Motion to Dismiss which will in part question Plaintiff's factual representations to the Court on issues relating to personal jurisdiction.

Defendants served Plaintiff with a document request (*see* Defendant Printabel's First Request for Production to Plaintiff, **Exhibit A**) in an effort to obtain discovery on the factual issues related to the issue of personal jurisdiction and to discover information that bears on the factual issues related to the issues of personal jurisdiction over these Defendants. Plaintiff objected through counsel (*see* **Exhibit B**, letter to Enrico Schaefer protesting service of that discovery as being premature). Defendants are aware that generally discovery is not permitted until after the Rule 26(f) conference unless "authorized by these rules, by stipulation, or by court order." FRCP

26(d)(1). Defendants believe it makes sense in the interests of judicial economy to take limited discovery on issues related to personal jurisdiction at this early stage of the proceedings. The Court has made a preliminary finding that Plaintiff's allegations and representations to the Court established a prima facie case of limited personal jurisdiction for purposes of the issuance of its preliminary injunction in this matter but provided no admissible evidence in support. Prior to engaging in extensive discovery on the merits of Plaintiff's claims including the continuance of the preliminary injunction in this matter. Defendants request the parties engage in limited discovery to determine the facts that will support or fail to support personal jurisdiction in this case before engaging in lengthy and expensive discovery on the broader issues in this case.

## ARGUMENT

The Court may, for good cause, authorize discovery prior to the Rule 26(f) meeting of the parties. *See* Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes ("Discovery can begin earlier [than the limitation established by Rule 26(d)(1)] . . . by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction."). Litigants are entitled to expedited discovery "upon a showing of good cause," *North Atlantic Operating Co. v. Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016), which exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Fabreeka Int'lHoldings, Inc. v. Haley*, No. 15-cv-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015) (*see* unpublished case as **Exhibit C)** (internal citations and quotation marks omitted). Plaintiff maintains Defendants have directed its activities to residents of Michigan and specifically it has provided counterfeit goods to residents of Michigan which the Court accepted in its findings made in its February 14, 2020 ruling on

why a preliminary injunctive order should not enter in this case. Defendants' document request is limited to the information Plaintiff obtained via subpoena and otherwise prior to Defendants' appearances in this case, and seeks only information directly related to Plaintiff's alleged factual support provided in this matter at the February 14, 2020 Show Cause hearing in this matter that would establish limited personal jurisdiction in this case (see **Exhibit A**).

Defendants seek only discovery at this early stage of the proceedings related to the issues of personal jurisdiction of the Defendants and nothing more. The Court's issuance of the preliminary injunction in this matter is predicated on its finding Plaintiff has established a prima facie showing of limited personal jurisdiction based on Plaintiff's own early investigation and permitted discovery in this matter of which the Defendants have not had the benefit. It makes sense to resolve the threshold issue of whether there is limited personal jurisdiction over the Defendants in this matter prior at the outset as it stands to obviate the balance of any further discovery or motion practice in this matter should Defendants prevail.

Dated: February 27, 2020

Respectfully submitted,

*/s/ C. Enrico Schaefer*
C. Enrico Schaefer (P43506)
Traverse Legal, PLC
810 Cottageview Drive, Ste. G-20
Traverse City, MI 49684
enrico@traverselegal.com
Telephone: (231) 932-0411

*Counsel for Defs Printabel and Ha*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 27, 2020, he caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

>    */s/ C. Enrico Schaefer*
>    C. Enrico Schaefer (P43506)
>    Traverse Legal, PLC
>
>    Counsel *for Defs Printabel and Ha*

## **INDEX OF EXHIBITS**

**Exhibit A**     Defendant Printabel's First Request for Production served on Plaintiff.

**Exhibit B**     Letter to Enrico Schaefer from Plaintiff's Counsel John Di Giacomo

**Exhibit C**     Unpublished case - *Fabreeka Int'lHoldings, Inc. v. Haley* , No. 15-cv-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015).