UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DEREK DEYOUNG,
a resident of Michigan

      Plaintiff,

v

BGROUP, LTD.,
a Hong Kong Limited by shares company,

MANH QUAN TRUONG,
an individual resident of Vietnam,

PRINTABLE COMPANY LIMITED,
a Hong Kong limited by shares company,

THUY PHAN THIEN HA DONG,
an individual resident of Vietnam, and

DOES 1-10,

      Defendants.

Case No.: 1:20-cv-51

## ORDER OF PERMANENT INJUNCTION

This matter came before the Court on the stipulation of the Parties, and, by and through that stipulation, the Court finds the following:

1. The Court has subject matter jurisdiction over the Defendants pursuant to 17 U.S.C. § 411, 28 U.S.C. § 1338(a) and (b), 28 U.S.C. § 1331, and 15 U.S.C. § 1121;

2. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a);

3. Personal jurisdiction is proper over Defendants because Defendants availed themselves of this forum state by operating a fully interactive website and directing their sales and advertising to residents of the State of Michigan;

By their consent, Defendants Printabel Company Limited and Thuy Phan Thien Ha Dong waive the entry of findings of fact and conclusions of law and agree to the entry of this Permanent Injunction. Therefore, it is hereby **ORDERED** that Defendants Printabel Company Limited and Thuy Phan Thien Ha Dong and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby permanently enjoined and restrained:

1. From reproducing, preparing derivative works of, distributing copies of, and displaying publicly Plaintiff DeYoung's Trout Confetti 1, Tarpon Flank—Late, and Dream Double 1 works;
2. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue the use of the Trout Confetti 1, Tarpon Flank—Late, and Dream Double 1 works on or in connection with the sale of goods and all internet websites owned and operated or controlled by them;
3. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing Plaintiff DeYoung's DEYOUNG trademark; and
4. Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue the use of the DEYOUNG trademark or any

confusingly similar trademark on or in connection with the sale of goods and all internet websites owned and operated or controlled by them.

**IT IS SO ORDERED.**

| | |
|---|---|
|  March 2, 2020 |  /s/ Janet T. Neff |
| Date | Hon. Janet T. Neff |
| | United States District Judge |